EVANDER, J.,
concurring.
I believe it is a close call as to whether there was sufficient evidence to support the trial court’s determination that duress had been proven by clear and convincing evidence. Regardless, given the circumstances surrounding the actual execution of the consent documents, the trial court had good reason to closely examine whether the mother’s consent was uncoerced and otherwise valid.
In the instant case, the first consent form was executed late at night at the Seminole County jail without the mother’s attorney being present. The second consent form was executed at the jail with the mother being separated from those seeking her signature by two glass walls. As a result, the mother was unable to verbally communicate with those individuals and resorted to using hand signals. Furthermore, the notary who brought the second consent form to the jail was only able to obtain access to the mother (limited as it was) through the use of a password. The *924 notary was given the password by the foster mother who had received it from the maternal grandmother. The foster mother testified that, according to the maternal grandmother, the mother required the use of a password so that she would know that she was signing a consent for the foster parents. The use of a password, again according to the maternal grandmother, was necessary because the mother feared that her attorney would “trick her” into signing a consent in favor of the paternal aunt.
Section '63.082(l)(a)3., Florida Statutes (2012), provides alternative methods for executing a consent to adopt:
§ 63.082. Execution of consent to adopt or affidavit of nonpaternity; family social and medical history; revocation of consent.—
(l)(a) Consent to an adoption or an affidavit of nonpaternity shall be executed as follows:
[[Image here]]
3. If by any other person, in the presence of the court or by affidavit acknowledged before a notary public and in the presence of two witnesses.
I would suggest that although not required by statute, the preferable method where there are two or more competing parties seeking to obtain a parent’s consent to adopt, if feasible, is to have the parent execute the consent in open court. In the instant case, the late night visit to the jail, the use of a password, the utilization of hand signals because of physical separation at the jail, and the alleged fear of being tricked by one’s own counsel could readily have been avoided by having the mother transported from the Seminole County jail to the Seminole County Courthouse for the purpose of having her execute a consent document in open court. Doing so would have also provided the trial judge with the opportunity to engage in a meaningful dialogue with the mother to ensure that any consent given by the mother was the result of an informed and uncoerced decision.